# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | 5:07-CR-09 (WDO) |
| : | |
| RYAN COX, : | |
| : | |
| **Defendant** : | |

## ORDER

Defendant was indicted along with an alleged co-conspirator on January 12, 2007 and charged with conspiracy to possess with the intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(ii). Defendant has filed a motion for a bill of particulars, a motion for a "James" hearing and a motion to sever his trial from his co-defendant's.

*Motion for Bill of Particulars*

Defendant requests the Court to order the Government to provide "a more detailed statement of the activities of the Defendants in which the Government alleges they engaged so that this Defendant can be better prepared to offer an adequate defense at trial." The indictment charged Defendant and others to have conspired, between January 6, 2006 and July 18, 2006, to possess with the intent to distribute more than 5 kilograms of cocaine in violation of Title 21 United States Code, Section 846, i/c/w Title21 United States Code Section 841(a)(1).

1

"The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill."

The indictment in the case at bar is more than sufficient to inform Defendant Cox of the charge against him with sufficient precision to allow him to prepare his defense, to minimize any surprise at trial and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. Defendant is using his motion for a bill of particulars as a discovery tool which is not an appropriate function of a bill of particulars. Having found the language of the indictment sufficiently specific, Defendant's motion for a bill of particulars is DENIED.

### *Motion for a James Hearing*

Defendant Cox requests the Court to hold a pretrial "James" hearing to determine whether statements by his alleged co-conspirators will be admissible against him. See United States v. James, 590 F.2d 575, 578 (5th Cir. 1979) (for this type of statement to be admissible "there must be a conspiracy, the statement must be made during the course of and in

furtherance of the conspiracy, and the declarant and the defendant must be members of the conspiracy"); United States v. Byrom, 910 F.2d 725, 734 (11th Cir.1990) (For a declaration by one defendant to be admissible against other defendants under this section, the "court must be satisfied that the party offering the testimony has proved by a preponderance of the evidence that the declarant and the defendant were involved in an existing conspiracy and that the statement was made during the course and in furtherance of the conspiracy."). A court is not required to hold a pretrial hearing on this issue but may wait until the trial to determine whether the government has "connected up" the statements to the conspiracy by a preponderance of independent evidence. United States v. Roe, 670 F.2d 956, 962 (11th Cir. 1982); Unite States v. Van Hemelryck, 945 F.2d 1493, 1498 (11th Cir. 1991) (The district court need not hold a pretrial hearing and may admit the statements subject to proof of these evidentiary requirements during the course of the trial) (citations omitted). The Court will decline to hold a pretrial James hearing but will instead await the presentation of the Government's evidence at trial and determine then whether the Government has "connected up" the statements to the alleged conspiracy.

*Motion for Severance*

Defendant Cox requests the Court to sever his trial from that of his co-defendant's because "there may be statements or confessions made by one or more of the other Defendants or other facts revealed as the case progresses which will demonstrate such prejudice as would require severance of Defendants or of counts." It is an "accepted

principle that defendants jointly indicted should be so tried." United States v. Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982) (citation omitted). "An exception to this rule may be enforced where such joinder would cause the defendant undue prejudice." Id. (citing F.R.Cr.P. 14.). "In determining a motion for severance brought on such grounds, the trial judge is empowered to exercise sound discretion in balancing possible prejudice to the defendant against governmental concern for judicial economy. Inherent in every joint trial is, of necessity, some degree of bias. Only in the event such prejudice appears to be compelling does severance become warranted." Id. (citations omitted). "The following test for assessing the existence of 'compelling prejudice' has been adopted by this circuit: whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted." Id. (citation omitted). As correctly argued by the Government, (1) Defendant Cox has not alleged the existence of any evidence to show that the jury may be unable to "compartmentalize" the evidence and render a fair verdict; (2) he failed to assert a clear reason why cautionary instructions would not cure any prejudice that might flow from a joint trial; and (3) he sought severance on the nebulous contention that some prejudice may occur if the severance is not granted. Although

4

given an opportunity to do so, Defendant Cox failed to refute, or even respond to, these arguments. Having found no reason to believe the defendants cannot be fairly tried together with the Court's standard cautionary instructions, the motion to sever is DENIED.

**SO ORDERED this 18th day of April, 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**